**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2604
_____

HAI JIE CHEN,
                Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision
of the Board of Immigration Appeals
(Agency No. A076-731-603)
Immigration Judge:  Jill H. Dufresne
_____

Submitted under Third Circuit L.A.R. 34.1(a)
March 19, 2021
_____

Before: SHWARTZ, MATEY, and TRAXLER, <u>Circuit Judges</u>.*

(Filed:  March 23, 2021)
_____

OPINION**
_____

TRAXLER, <u>Senior Circuit Judge</u>.

---

      \* The Honorable William Byrd Traxler, Jr., United States Senior Circuit Judge for the Court of Appeals for the Fourth Circuit, sitting by designation.

      \*\* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Hai Jie Chen petitions for review of the decision of the Board of Immigration Appeals ("BIA"), denying his third motion to reopen his removal proceedings in order to apply for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Because the BIA did not abuse its discretion in denying the motion to reopen, we will deny the petition for review.

I

Chen, a native and citizen of the People's Republic of China ("China"), was born in the Fujian Province of China. He entered the United States in October 1998, without admission or parole. After removal proceedings were initiated, Chen applied for asylum, withholding of removal, and relief under the CAT, based upon his political opinions and opposition to Chinese coercive birth control policies. However, he withdrew his applications at his hearing, and applied for voluntary departure. On January 13, 2000, the Immigration Judge ("IJ") granted Chen's application for voluntary departure until May 12, 2000, with an alternate order of removal to China if he failed to depart by the deadline. Chen waived appeal, but did not depart as required, rendering the alternate order of removal to China the final administrative decision.

Generally, a petitioner may file only one motion to reopen removal proceedings, which must be submitted within 90 days after the date of a final administrative decision. 8 U.S.C. § 1229a(c)(7)(A)-(C); 8 C.F.R. § 1003.2(c)(2). An exception to these time and number limitations, however, may be found if a petitioner can demonstrate "changed circumstances arising in the country of nationality or in the country to which

2

deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

In August 2008, more than eight years after his removal order became final, Chen filed his *first* motion to reopen his removal proceedings, seeking to apply for asylum, withholding of removal, and relief under the CAT. The motion was based upon Chen's claim that he met his girlfriend in the United States and he began attending a Christian church after his removal hearing. He ultimately converted to Christianity and began sharing Christian materials with his family in China. Chen claimed that his family was being harassed and discriminated against in China due to their new Christian beliefs, and he feared that he would be subjected to the same or worse if he returned to China. The IJ denied the motion as untimely and found that the exception did not apply. Chen had presented no evidence of a change in circumstances in China since his removal hearing that materially affected his eligibility for the relief sought. Moreover, Chen's evidence showed only a *possibility* of persecution based upon his religious beliefs if he returned to China.

In May 2016, Chen filed his *second* motion to reopen his removal proceedings, again alleging the existence of changed conditions in China since his 2000 removal hearing. Chen repeated his claim that he had been a devout Christian since 2006, and claimed that the Chinese government had increased its persecution of underground Christian churches and Christians associated with such churches in China. In October

2017, a different IJ denied the motion. The BIA summarily affirmed. After we granted the Government's unopposed motion to remand, the BIA issued a written opinion addressing Chen's claim of changed country conditions since January 2000. Although noting that Chen had produced evidence of troubling conditions in China, the BIA found that the regulation and suppression of various religious groups by the Chinese government had been a longstanding condition in China, including at the time of Chen's hearing in 2000, and that none of Chen's evidence detailed the current targeting of Christians in Chen's province. Accordingly, the BIA found that Chen had failed to demonstrate a material change in country conditions since the time of the 2000 removal hearing before the IJ, and dismissed his appeal. On August 9, 2019, we denied Chen's petition for review. *See Hai Jie Chen v. Att'y Gen.*, 774 F. App'x 80, 82 (3d Cir. 2019).

On December 23, 2019, Chen filed his *third* motion to reopen with the BIA, again asserting that conditions had changed in China, such that he should be allowed to reapply for asylum, withholding of removal, and protection under the CAT. Chen asserted that authorities in his home province had expanded and intensified the scope of their persecution of Christian churches and that there had been an increase in human rights abuses committed against unregistered Christian groups in China. The BIA denied Chen's motion, and Chen now petitions for review of this latest decision.

## II[1]

We review the denial of a motion to reopen in an immigration case for abuse of discretion. *See INS v. Doherty*, 502 U.S. 314, 323-24 (1992); *Liem v. Att'y Gen.*, 921 F.3d 388, 395 (3d Cir. 2019). The BIA abuses its discretion only if its decision is "arbitrary, irrational, or contrary to law." *Liem*, 921 F.3d at 395 (internal quotation marks omitted). "To determine if the BIA abused its discretion in finding that [the Petitioner] did not present evidence to establish a material change in country conditions, we must determine if the BIA meaningfully considered the evidence and arguments [the Petitioner] presented." *Zhu v. Att'y Gen.*, 744 F.3d 268, 272 (3d Cir. 2014). Here, we are satisfied that the BIA meaningfully considered the evidence and arguments presented to it, and did not abuse its discretion in denying Chen's third motion to reopen.

## III

There is no dispute that Chen's third motion to reopen is time-barred and number-barred. *See* 8 C.F.R. § 1003.2(c)(2). Chen was ordered removed in 2000. He filed his first motion to reopen in 2008, and his second in 2016. This third motion was filed in 2019, approximately four months after we denied his previous appeal, and nearly 20 years after he was granted the privilege of voluntary departure. To prevail before the BIA, therefore, Chen was required to demonstrate "changed circumstances arising in [China]" via evidence that "is material and was not available and could not have been

---

[1] The BIA had jurisdiction to review the motion to reopen pursuant to 8 C.F.R. § 1003.2(a). This Court has jurisdiction to review the BIA's decision pursuant to 8 U.S.C. § 1252(a).

5

discovered or presented" at his removal hearing in January 2000. 8 C.F.R. § 1003.2(c)(3)(ii).

According to Chen, he has experienced a resurgence in his Christian faith since he filed his second motion to reopen in 2016 and was ordained as a deacon in his church on September 22, 2019, after the BIA denied his previous motion. Relying primarily upon three reports from the United States government dated from 2018 to 2019, Chen asserts that the conditions in China have materially changed since his removal hearing before the IJ in 2000, and that he can demonstrate entitlement to asylum, withholding of removal, and protection under the CAT. As noted by the BIA, however, Chen was first required to establish the baseline conditions in China in January 2000, from which an alleged change could be measured. Chen's original petition for asylum, withholding of removal, and protection under the CAT was based upon his opposition to Chinese birth control policies, not his religious affiliation. It did not, therefore, set a baseline for religious conditions in China or in the Fujian Province. Although Chen quoted from a United States Department of State's 1999 Human Rights Report in support of his third motion to reopen his 2000 removal proceedings, he failed to supply the BIA with a copy of the 1999 report and, in any event, the excerpts did not define the conditions that existed when he was ordered to be removed in 2000. The BIA also reviewed evidence presented in the prior proceedings and found that the evidence, even if relevant to the conditions in 2000, was also insufficient to demonstrate that the conditions had materially changed. The evidence in the record demonstrated that China's regulation and suppression of religious

6

groups prior to 2000 was already significant and contradicted Chen's claim that the level of regulation and suppression had intensified since that time. Accordingly, we hold that the BIA did not act arbitrarily, irrationally, or contrary to law in considering the evidence and finding that Chen had failed to demonstrate a material change in the conditions in China as they pertain to Christian churches and the Christian faith.[2]

IV

For the foregoing reasons, we conclude that the BIA did not abuse its discretion in denying Petitioner's motion to reopen removal proceedings. We will therefore deny the petition for review.

---

[2] Because we conclude that there was no abuse of discretion in the BIA's decision as it pertains to the exception to an untimely motion to reopen, we need not address Chen's claim that he has demonstrated that he is *prima facie* eligible for asylum, withholding of removal, and protection under the CAT.